UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
THE WATERMARK CONDOMINIUM :
RESIDENCES ASSOCIATION, INC., :
:
    Plaintiff, :
: Civ. No. 12-4533 (SDW/MCA)
    v. :
: **AMENDED OPINION**
WCI COMMUNITIES, INC., ET AL., :
:
    Defendants. :
_____ :

**WIGENTON, U.S.D.J.:**

    This matter comes before the Court upon: (1) the Motion to Transfer Venue of this case to the United States Bankruptcy Court for the District of Delaware filed by Defendants WCI Communities, Inc., and WCI Towers Northeast, USA, Inc.; and (2) the Motion to Remand this case to New Jersey state court filed by Plaintiff the Watermark Condominium Residences Association, Inc. (hereinafter the "Association"). (Doc. Nos. 4, 13). Both Motions are opposed. (Doc. Nos. 6, 14). The Court has considered the parties' written submissions and decided these Motions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, for the reasons that follow, the Court will: GRANT Defendant's Motion to Transfer Venue; DENY the Association's Motion to Remand without prejudice; ADMINISTRATIVELY TERMINATE all ancillary pending motions on the docket.

**I.    BACKGROUND**

    The Association filed the Complaint that gives rise to this case on June 5, 2012, in the Superior Court of New Jersey, Law Division, Hudson County, and therein names a multitude of

entities and individuals as Defendants (hereinafter collectively the "Defendants").[1] (Doc. No. 1; Exh. 4 at p. 1). In the Complaint, the Association asserts that it is a non-profit corporation organized under the laws of the State of New Jersey to, "inter alia, own, administer, manage, operate, maintain, repair and replace the Common Elements of Watermark." (Id. at ¶ 14). "Watermark", as the Association uses the term in its Complaint, refers to "The Watermark Condominium Residences", described as a 206-unit condominium complex (hereinafter "Watermark"). (Id. at ¶ 3). The Association alleges that Watermark was developed by named Defendants WCI Communities, Inc., and WCI Towers Northeast, USA, Inc. (hereinafter the "Developer Defendants"). (Id. at ¶¶ 2, 3). The Association further alleges that the other named Defendants worked with the Developer Defendants in various capacities to complete the development of Watermark. (Id. at ¶ 2-12). In sum, the Association alleges that the Defendants' collective development of Watermark was defective in myriad ways, and in light of those allegations, lodges the following eight causes of action under New Jersey law: (1) Negligence; (2) Negligent Misrepresentation; (3) Breach of Express Warranties; (4) Breach of Implied Warranties; (5) Breach of Fiduciary Duty; (6) Subrogation Claims – Negligence; (7) Breach of Warranty; and (8) Violation of the New Jersey Spill Act, N.J.S.A 58: 10-23.11, et. seq.. (Id. at ¶¶ 13-90).

On July 19, 2012, the Developer Defendants removed this case to this Court pursuant to 28 U.S.C. § 1452(a), and assert in the Notice of Removal that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), as this case is "related" to ongoing bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. (Doc. No. 1 at ¶¶ 1-3.) Shortly after

---

[1] Specifically, the Complaint names the following Defendants: WCI Communities, Inc.; WCI Towers Northeast, USA, Inc.; Craig Kligensmith; Rodney Montag; Andrew Stark; Plaza Construction Company; Gruzen Sampton, LLP; The Frank McBride Company; F&G Mechanical Corporation; ISP Automation, Inc.; and various John Doe Contractors, Engineers, Architects, Suppliers, Manufacturers and Board Members. (Doc. No. 1; Exh. 4 at ¶¶ 2-12; 79-81).

this case was removed, on July 27, 2012, the Developer Defendants filed their present Motion to Transfer Venue of this case to the United States Bankruptcy Court for the District of Delaware. (Doc. No. 4). In support of that Motion, the Developer Defendants argue that this case should be transferred because the claims at issue in the Complaint are integrally related to matters that have been and continue to be litigated in a bankruptcy case pending before the Hon. Kevin J. Carey, U.S.B.J., in the District of Delaware.[2] (Doc. No. 4). Essentially, the Developer Defendants argue that transfer of this case is appropriate on two grounds: (1) the claims at issue in the Complaint are "core" bankruptcy claims, and therefore, this case should be transferred to the Bankruptcy Court so that they can be adjudicated within the context of the ongoing bankruptcy proceedings; and (2) the more generalized concerns of judicial economy, and the consistency of judgments in light of this case's relationship to the ongoing bankruptcy proceedings. (Id.).

In response, the Association both opposed the Developer Defendants' Motion to Transfer, and shortly thereafter, filed its present Motion to Remand. (Doc. Nos. 6, 13). In practical effect, the Developer Defendants' Motion to Transfer Venue and the Association's Motion to Remand are cross-motions, and the arguments presented by the parties related to each Motion overlap. Thus, in opposition to the Developer Defendants' Motion to Transfer, and in support of its own Motion to Remand, the Association argues that the claims at issue in the Complaint are not "core" bankruptcy claims pursuant to a nuance in Third Circuit precedent, and therefore, this case should be remanded to New Jersey state court. (Id.). Further, the Association argues that, whether or not the claims in the Complaint are "core" from a bankruptcy standpoint, this Court should abstain from considering this case, and remand it to New Jersey state court on that separate basis. (Id.). The Developer

---

[2] The relevant case in the United States Bankruptcy Court for the District of Delaware is: No. 08-11643 (KJC).

3

Defendants oppose all of the Association's foregoing arguments.

## II. DISCUSSION

### A. Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Similarly, pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As Judge Irenas explained, when considering whether to transfer a case pursuant to either statute:

> Although the statutes mention only two factors, the interests of justice and convenience of the parties, the Third Circuit has outlined several additional factors for the court's consideration: (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable law.

Larami Ltd. v. Yes! Entm't Corp., 244 B.R. 56, 61 (D.N.J. 2000) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). Of course, the party moving for a transfer of venue has the burden of showing that action is appropriate by a preponderance of the evidence. Id. Critically though, "the ultimate decision to transfer venue is committed to the discretion of the district court." Id.

Applying the foregoing standard here, this Court concludes in its discretion that transfer to

the United States Bankruptcy Court for the District of Delaware is clearly appropriate. The central question presented by the parties in the voluminous and frequently redundant submissions related to the present Motions is as follows: do the claims lodged by the Association in the Complaint fall under the broad aegis of the ongoing bankruptcy proceedings before the Bankruptcy Court? Throughout their submissions, the parties invite this Court to engage that issue by applying an esoteric wrinkle within Third Circuit bankruptcy law to the extraordinarily complex, years-long, and obviously disputed facts and procedural history of the ongoing bankruptcy proceedings.[3] Further, to do so, this Court would necessarily have to interpret various orders issued by the Bankruptcy Court – an inherently hazardous exercise that would risk upsetting the carefully structured ongoing bankruptcy proceedings. In light of that, it appears axiomatic that the interests of justice demand that this case be transferred to the United States Bankruptcy Court for the District of Delaware. Simply put, the critical concerns of judicial economy and the consistency of judgments, in addition to logic and commonsense, dictate that the court most familiar with the factual and legal issues presented by this case – indeed, the court whose very orders may prove dispositive – consider it in the first instance. Therefore, this Court will grant the Developer Defendants' Motion to Transfer Venue of this case to the United States Bankruptcy Court for the District of Delaware.

### B. Motion to Remand

As noted above, the parties' present Motions present complex issues that this Court concludes are best considered in the first instance by the Bankruptcy Court. As such, this Court will not touch upon the variety of issues related to the Association's Motion to Remand. Instead, the

---

[3] To be clear, this Court rejects the Association's repeated contention that the proceedings before the Bankruptcy Court in Delaware are inactive or have concluded. Upon its own initiative, this Court confirmed with the Bankruptcy Court that the proceedings at issue are ongoing.

Association's Motion to Remand will be denied without prejudice, so that the Bankrupcy Court can order refiling and rebriefing of that Motion at its discretion. Similarly, and for the same reasons, this Court will administratively terminate all other outstanding dispositive motions in this case.

## III. CONCLUSION

For the foregoing reasons, this Court will: GRANT Defendant's Motion to Transfer Venue (Doc. No. 4); DENY the Association's Motion to Remand without prejudice (Doc. No. 13); ADMINISTRATIVELY TERMINATE all ancillary pending motions on the docket (Doc. Nos. 47, 48, 58, 62, 65, 89, 113, 114, 118, 121, 122, 123, 125, 132, 134, 135, 136, 137, 138, 139, 152, 155, 156, 158).

Dated: May 30, 2013

s/SUSAN D. WIGENTON, U.S.D.J.